UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUAN ALEXANDER MELGAR-MELGAR,

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civ. No. 16-1449 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The petitioner, Juan Alexander Melgar-Melgar is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges his current immigration detention. For the following reasons, the habeas petition will be denied without prejudice.

### II. BACKGROUND

Mr. Melgar-Melgar is a native and citizen of Honduras. He entered the United States without authorization. On November 12, 2014, the United States Department of Homeland Security issued a Notice to Appear, which charged Mr. Melgar-Melgar with removability on the basis that he entered this country without authorization. Mr. Melgar-Melgar has been in immigration detention since August 13, 2015.

Mr. Melgar-Melgar had a bond hearing on October 28, 2015 where he was denied bond by an Immigration Judge ("IJ"). This Court received Mr. Melgar-Melgar's habeas petition in

March, 2016. Mr. Melgar-Melgar seeks his immediate release from immigration detention. Alternatively, Mr. Melgar-Melgar requests that this Court order a bond hearing.

Respondent filed a response to the habeas petition. That response states that Mr. Melgar-Melgar was ordered removed by an IJ on April 20, 2016. A supplemental, updated response states that petitioner has appealed the IJ's removal decision to the Board of Immigration Appeals ("BIA"). It appears that Mr. Melgar-Melgar's appeal remains pending before the BIA.

### III.  LEGAL STANDARD:  IMMIGRATION DETENTION

The Attorney General has the authority to detain aliens during the "pre-removal" period, that is, while removal proceedings are ongoing but before the issuance of a final order of removal. Section 1226(a) of Title 8 of the United States Code permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a).

"Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to pre-removal detention that is mandatory:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

>covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
>(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
>(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

## IV. DISCUSSION

### A. Request for Release

Because Mr. Melgar-Melgar's appeal of the IJ's order of removal remains pending, the order of removal has not become administratively final. He therefore is still considered to be in pre-removal immigration detention. *See* 8 U.S.C. § 1231 (a) (1) (B)(i) (providing removal period begins on the "date the order of removal becomes administratively final"); *see also* 8 C.F.R. § 1241.1(a) (stating that an order of removal from an Immigration Judge becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). Mr. Melgar-Melgar cites *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) in support of his habeas petition. And it is true that *Diop* relates to one kind of pre-removal immigration detention. In *Diop*, the Third Circuit held that *mandatory* pre-removal detention under Section 1226(c), after a certain duration, will require that "the Government must justify its continued authority to detain [a petitioner] at a hearing at which it bears the burden of proof." *Diop*, 656 F.3d at 235. *Diop*, however, does not apply to Mr. Melgar-Melgar's case because he has been detained under the *discretionary* pre-removal regime of § 1226(a). As a § 1226(a) detainee, Mr. Melgar-Melgar is entitled to a bond hearing. In fact, he has already had a bond hearing in October, 2015, in which bail was denied. It

does not appear that Mr. Melgar-Melgar has moved for a bond redetermination at the administrative level pursuant to 8 C.F.R. § 1003.19(e). *See Nepomueceno v. Holder*, No. 11-6825, 2012 WL 715266, at *4 (D.N.J. Mar. 5, 2012) (dismissing habeas petition of 1226(a) detainee who had received a bond hearing).

Mr. Melgar-Melgar's citation to *Zadvydas v. Davis*, 533 U.S. 678 (2001) is also misplaced, because *Zadvydas* applies to post-removal, not pre-removal, detention. *Zadvydas* interprets 8 U.S.C. § 1231(a)(6), which provides as follows:

> An alien ordered removed who is inadmissible under Section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period, and if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). *Zadvydas* holds that Section 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," presumptively about six months. 533 U.S. at 689, 701. As detailed above, however, Mr. Melgar-Melgar is currently appealing the IJ's removal order to the BIA, so he remains in pre-removal detention. Any maximum period of post-removal detention under *Zadvydas* has not yet started to run.

A detainee stuck in pre-removal limbo for an indefinite period may nevertheless be entitled to relief. There is authority recognizing the possibility of such relief, albeit in the course of denying it. *See Bulatov v. Hendricks*, No. 11-0845, 2012 WL 4753366, at *6-7 (D.N.J. Oct. 4, 2012) (denying relief as to 30-month detention) (citing *Contant v. Holder*, 352 F. App'x 692 (3d Cir. 2009); *Prieto—Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008)). In *Contant*, the Third Circuit held that the alien petitioner's nineteen-month pre-removal immigration detention was not

"indefinite," because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his country of origin. *See* 352 F. App'x at 695-96. In *Prieto-Romero*, the petitioner had been detained for three years. The Ninth Circuit nevertheless found that the petitioner's detention was not "indefinite," because a petition for review of the administrative order of removal was pending, and there was no indication that the petitioner could not be repatriated to his country of origin if his appeal was denied. *See* 534 F.3d at 1063-65.

Mr. Melgar-Melgar has been in pre-removal immigration detention for a little more than ten months, and has had the benefit of a bond hearing. A ten-month delay is shorter than the period found *not* sufficient to warrant relief in the cases cited above. Mr. Melgar-Melgar has proffered no facts to suggest that the resolution of the removal issue will be delayed indefinitely. Indeed, an IJ has already ordered petitioner removed; he is still here because he is pursuing his right to appeal that decision to the BIA. Nor is has any party identified any hindrance to his repatriation to Honduras if his appeal is denied.

Accordingly, to the extent that the habeas petition intends to allege that pre-removal detention has been impermissibly protracted, it is denied. This denial, however, is without prejudice to another application, should Mr. Melgar-Melgar's pre-removal immigration detention continue for a substantial additional period of time.

B. <u>Request for Bond Hearing</u>

Mr. Melgar-Melgar also requests that this Court order a bond hearing. The Court may order a bond hearing where the petitioner has erroneously been denied a hearing, or where the hearing was conducted unlawfully. *See Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (noting that petitioner has the right to ask District Court that a bond

hearing be held, but that Court does not have the power to overrule denial of release after bona fide hearing); *Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *3 (D.N.J. Jan. 28, 2013) (noting that petitioner may be able to seek habeas relief from court in the form of ordering a curative bond hearing).

Mr. Melgar-Melgar has already had a bond hearing before an IJ. The regulations provide that Mr. Melgar-Melgar may seek a bond redetermination from the IJ based on changed circumstances. *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

> Unlike the mandatory detention statute at issue in *[Demore v.] Kim*, [538 U.S. 510 (2003),] § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

*Contant*, 352 F. App'x at 695.

The record does not indicate, nor does Mr. Melgar-Melgar state, that he has sought a bond redetermination pursuant to 8 C.F.R. § 1003.19(e). The record does not disclose any substantial reason to hold another bond hearing. Even if there were such a reason, the proper procedure would be to seek a redetermination from the IJ. *Accord Arciaga v. Asher*, No. 14—1659, 2015 WL 500189, at *3 (W.D. Wash. Jan. 23, 2015) (noting that petitioner who is detained under § 1226(a) and did not request another bond redetermination hearing under 8 C.F.R. §

1003.19(e) failed to show a due process violation); *Gillis v. Decker*, No. 13-0172, 2013 WL 4718913, at *3-4 (M.D. Pa. Sept. 3, 2013) (dismissing habeas petition without prejudice where petitioner failed to file subsequent bond request as per 8 C.F.R. § 1003.19 as he still had remedies available to challenge his continued detention before having court consider his habeas petition); *Mutebi v. Mukasey*, No. 07-2654, 2008 WL 4297035, at *6 (D. Colo. Sept. 11, 2008) ("The record contains no indication that Applicant has exhausted his administrative remedies by requesting a bond redetermination .... Accordingly, even assuming that the Court had jurisdiction to review Applicant's custody status pursuant to § 1226(a), Applicant is required to exhaust his administrative remedies by filing an application for redetermination of his bond status with the immigration court, and by appealing any unsatisfactory decision to the BIA).

Nothing in the record suggests that Mr. Melgar-Melgar sought or was prevented from seeking a bond redetermination under 8 C.F.R. § 1003.19(e). Therefore, the Court will not order a new bond hearing for Mr. Melgar-Melgar at this time, and the habeas petition will be dismissed without prejudice.

## V.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice. An appropriate order will be entered.

DATED: June 22, 2016

_____
KEVIN MCNULTY
United States District Judge